UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ANDREW FRANZ,**

    Petitioner,

  v.                                       Case No. 18-CV-908

**SHERIFF CORY ROESELER,**

    Respondent.

## REPORT AND RECOMMENDATION

Andrew Franz, who is currently incarcerated at Sheboygan County Detention Center, filed a petition pursuant to 28 U.S.C. § 2241. (Docket # 1.) He also filed a motion for leave to proceed without prepayment of the filing fee (Docket # 2); however, as Franz has paid the $5 filing fee, this motion is moot. Still, I must screen Franz's motion under Rule 4 of the Rules Governing Section 2254 Proceedings, which requires the Court to promptly examine the motion and dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the petitioner is not entitled to relief."[1] Although Franz has consented to magistrate judge jurisdiction, because defendant has not yet appeared and had an opportunity to consent, I will issue a report and recommendation regarding the screening of Franz's petition. *See Coleman v. Labor and Industry Review Comm'n of the State of Wis.* 860 F.3d 461 (7th Cir. 2017).

---

[1] Rule 1(b) of those Rules and Civil Local Rule 9(a)(2) give this Court the authority to apply the rules to other habeas corpus cases, including the rule permitting screening of the petition.

Although the petition is not entirely clear, Franz seems to assert that his 4th, 5th, 6th, 8th, and 14th amendment rights were violated "resulting in [f]alse [i]mprisonment by fiduciary officers of a non-court of law." (Docket # 1 at 10.) He also states that he has no access to a law library, is being held in "supermax" conditions, and has suffered due process violations by the state court and prosecutor. (Docket # 1 at 9-11.)

I recommend that Franz's petition be dismissed without prejudice because Franz does not appear to have attempted to exhaust his state court/administrative remedies. Although § 2241 petitions do not explicitly require exhaustion, federal courts may "require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking writ." *United States v. Castor*, 937 F.2d 293, 296-297 (7th Cir. 1991) (citing *Baldwin v. Lewis*, 442 F.3d 29, 31-33 (7th Cir. 1971)). Franz has not shown that he challenged his custody in state court or sought administrative relief. Finally, Franz requests that case 15-CF-585 be vacated, but petitions attempting to set aside or vacate a trial should be sought under § 2554 not § 2241.

**IT IS THEREFORE, RECOMMENDED** that this petition (Docket # 1) be **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that Franz's motion to proceed without prepayment of the filing fee (Docket # 2) be **DENIED AS MOOT**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 6th day of July, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge